UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

CRIMINAL ACTION NO.  03-36-DLB
(Civil Action No. 06-221-DLB)

UNITED STATES OF AMERICA                                                    PLAINTIFF

vs.                            **MEMORANDUM OPINION & ORDER**

DWAYNE R. HALL                                                              DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. #99)  The United States has filed a Motion to Dismiss Defendant's § 2255 filing. (Doc. #103)  Consistent with local practice, this matter was referred to Magistrate Judge Edward B. Atkins for the purpose of preparing a Report and Recommendation (R&R).  After reviewing the issues raised by Defendant Hall and by the United States in their respective motions, the Magistrate Judge on February 5, 2007, issued his R&R recommending that Defendant's motion be denied, that the United States' motion be granted, and that this action be dismissed. (Doc. #113)

Defendant filed objections to the R&R (Doc. #116), to which the United States has responded (Doc. #118).  After careful review, the Court finds nothing in Defendant's objections alters the Magistrate Judge's findings and recommendation.  He first objects to the Magistrate Judge's disposition of his ineffective assistance of counsel argument, submitting that he has demonstrated the prejudice to his defense required by *Strickland v.*

*Washington,* 466 U.S. 668, 687 (1984), by virtue of the fact that said ineffectiveness caused him to plead guilty when he otherwise would have insisted on going to trial. Whether Defendant's guilty plea was the result of deficient performance by his counsel was thoughtfully and thoroughly reviewed by the Magistrate Judge. To consider whether Hall's defense was prejudiced by deficient performance necessitates first that the performance in fact was deficient. After review of Defendant's arguments and the circumstances surrounding the entry of his guilty plea, the Magistrate Judge concluded that no deficiency in representation had been demonstrated. There can be no prejudice to Defendant's defense absent some material flaw in counsel's representation.

Nevertheless, the Magistrate Judge pressed on to point out that even if deficient representation arguably had been demonstrated, evidence of the companion requirement of prejudice was still missing. Accepting Defendant's suggestion that a sufficient showing of prejudice necessarily follows simply by the fact that a guilty plea was then entered would render *Strickland's* latter requirement meaningless. Defendant's mere statement that he would not have pleaded guilty is not a "show[ing] that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). Such arguments were rejected by the Magistrate Judge, and Defendant offers nothing more that would persuade this Court to disagree with the Magistrate Judge's findings on this point.

Hall also objects that the R&R fails to address his claim that his plea was not competent, knowing and voluntary because he was under the influence of antidepressant and antianxiety medications. To clarify, this specific point was not raised by Defendant in his originating motion, aside from its relationship to his broader argument that the plea

agreement (which contained the waiver) was the product of ineffective assistance of counsel. It was first raised after the Government moved to dismiss Defendant's motion to vacate on the basis that Defendant, in the plea agreement, had waived his right to collaterally attack his sentence. Defendant, in response to that motion, now contends that the waiver cannot stand because the medications he was taking prevented his understanding.

This contention that Hall was not competent to enter into the plea agreement is without merit. If Defendant has a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational and factual understanding of the proceedings against him, he is competent to enter a guilty plea. *See Godinez v. Moran,* 509 U.S. 389, 396-99 (1993). Defendant must demonstrate he was not mentally competent to enter his plea by pointing to facts that positively, unequivocally, and clearly generate a real, substantial, and legitimate doubt as to his actual competency during the hearing accepting his plea. *See Carter v. Johnson,* 131 F.3d 452, 460 (5th Cir. 1997), *cert. denied,* 523 U.S. 1099 (1998).

Defendant has not demonstrated a substantial and legitimate doubt about his competency to enter into the plea agreement and to enter a guilty plea because of some unarticulated impermissible influence upon his cognitive abilities from his medications. The dialogue on this point at the rearraignment proceedings was as follows:

>     THE COURT:         Are you currently taking any medications?
>     THE DEFENDANT: An antidepressant and an antianxiety combination,
>                                 Tofranil (phonetic) and Buspar.

-3-

THE COURT: Okay. Do any of those medications – I knew you were taking some, but do any of the medications cause you to not understand where you are this afternoon?

THE DEFENDANT: No, Your Honor.

THE COURT: Okay. Have you been treated recently for any – I know you're taking antidepressants and antianxiety medications. Have you received any, like, inpatient treatment for any mental health concerns?

THE DEFENDANT: GAD, general anxiety disorder.

THE COURT: And you're receiving treatment for that?

THE DEFENDANT: Yes.

THE COURT: Okay. And the medications you've just described are for that; some of them are for that, correct?

THE DEFENDANT: Yes.

THE COURT: All right. I know you were evaluated quite sometime ago. Actually, at the very beginning of this case you went to FMC Lexington and they did a mental health evaluation of you.

Mr. Owens, based on your conversations with your client and your many meetings with him – and I know there have been many – do you have an opinion regarding his competence to enter a plea this afternoon?

MR. OWENS: I do, Your Honor.

THE COURT: Okay. What is that?

MR. OWENS: Your Honor, the medications that he is taking, in my opinion, do not affect his ability to communicate or assist me. I believe he is competent to stand trial; that he is competent to enter a plea of guilty. When he comes to my office, he's usually accompanied by his parents. We've had brief discussions about the matters that have been raised throughout these proceedings, including the search warrant, the speedy trial, other issues that have been raised. I think that Mr. Hall completely understands those issues, and he

-4-

|               | understands the resolution of those issues. He understands what he's doing here today and he's otherwise competent to proceed. |
|---|---|
| THE COURT:    | Okay. Thank you. Mr. West, do you have any information to dispute that representation? |
| MR. WEST:     | I do not, sir. |
| THE COURT:    | Okay. Well, Mr. Hall, based on my observations of you and the representations of your attorney, as well as the letter dated October 23, 2003, which was attached to that letter – it's the forensic report of Doctor Melissa Peters at FMC Lexington – the Court finds that you are competent to assist in your own defense. You're competent to stand trial; as well, you're competent to enter a plea of guilty this afternoon. |
| . . . .       | |
| THE COURT:    | All right. Now, you have also agreed to waive your right to appeal and the right to attack collaterally the guilty plea, conviction and any lawful sentence. Have you discussed that waiver with your attorney, the waiver of the right to appeal? |
| THE DEFENDANT: | Yes, Your Honor. |

(Doc. #112, pp. 4-6, 13-14)

The above evidences that at the time of his plea, Hall informed this Court of the medications he was taking and for what purpose. He was questioned about his ability to comprehend the nature of these proceedings despite taking these medications, responding that his cognitive abilities were not impacted, and this representation was reiterated by his counsel. Thus, the transcript refutes his argument that he was not mentally capable of entering his plea. Nothing in the record suggests that the above statements about the medications being taken by Defendant or their impact upon his faculties were anything other than truthful. "[T]he representations of the defendant, his lawyer, and the prosecutor

at such a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977). *See also Baker v. United States,* 781 F.2d 85, 90 (6th Cir.), *cert. denied,* 479 U.S. 1017 (1986)("the defendant is bound by his statements in response to that [district] court's inquiry").

Defendant asserts that neither he nor his attorney are doctors and so cannot properly judge the impact of Defendant's "highly medicated condition" upon his plea. But the Court is not required to call upon the services of an expert witness as to the possible side effects of any medication upon Defendant's ability to enter a plea, particularly where Defendant's participation in the plea hearing was rational and evidenced that he at that time understood the charges against him, the terms of his plea agreement, and the rights being waived by him. Defendant therefore has not demonstrated that the antidepression and antianxiety medications he was taking rendered him incompetent to enter his plea, including the waiver of his right to collaterally attack contained therein.

Finally, Defendant objects that the claims presented by him warrant at least an evidentiary hearing, rather than dismissal prior to an evidentiary hearing as is recommended by the Magistrate Judge. Hearings are held in § 2255 proceedings "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. While the Defendant's burden to show an evidentiary hearing is in order is not onerous, a legitimate factual dispute must nevertheless

be shown.  In *Turner v. United States,* 183 F.3d 474, 477 (6th Cir. 1999), *cert. denied,* 528 U.S. 1195 (2000), the Sixth Circuit upheld a district court's refusal to conduct an evidentiary hearing after it concluded no factual question as of the effectiveness of trial counsel had been raised by defendant.  Similarly, no such showing has been made in this case, as explained in the Magistrate Judge's analysis of Defendant's ineffective assistance of counsel arguments and the Court's analysis of the medication issue raised by Defendant in response to the United States' motion to dismiss.  Conducting an evidentiary hearing in conjunction with this particular § 2255 motion is an unwarranted and inappropriate use of time and resources; declining to do so is more consistent with the Supreme Court's observation that "[t]o allow indiscriminate hearings in federal postconviction proceedings, whether for federal prisoners under 28 U.S.C. § 2255 or state prisoners under 28 U.S.C. § 2241-2254, would eliminate the chief virtues of the plea system – speed, economy, and finality."  *Blackledge,* 431 U.S. at 71.

Having reviewed the Magistrate Judge's well-reasoned R&R, the Court concurs with its recommended result.  The R&R will be adopted in full and the motion to vacate denied.  Nothing in this Court's *de novo* review of Defendant's subsequent objections alters this conclusion.  Accordingly,

**IT IS ORDERED** that:

(1)    Defendant's objections to the Magistrate Judge's Report and Recommendation (Doc. #116), are hereby **overruled;**

(2)    The Magistrate Judge's Report and Recommendation (Doc. #113) is hereby **adopted** as the findings of fact and conclusions of law of the Court;

(3)     Defendant's Motion to Vacate, Set Aside or Correct Sentence (Doc. #99) is hereby **denied;**

(4)     Defendant's renewed request for appointment of counsel set forth in his objections to the R&R (Doc. #116) is hereby **denied;**

(5)     The United States' Motion to Dismiss (Doc. #103) is hereby **granted;** and,

(6)     No certificate of appealability shall issue for the reasons set forth in the Magistrate Judge's R&R and those in this Memorandum Opinion and Order, since Defendant has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), because he has failed to show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

A separate Judgment is entered contemporaneously herewith.

This 27th day of February, 2007.

Signed By:
*David L. Bunning* DB
United States District Judge

G:\DATA\ORDERS\PikeCrim\03-36-MotionToVacate.wpd